## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS (#447048)                                    CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN                                    NO. 09-0400-RET-CN

## NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, November 10, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZZEUNDRE JACOBS (#447048)                          CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN                                NO. 09-0400-RET-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding against Warden N. Burl Cain, purportedly as a motion for injunctive relief pursuant to 42 U.S.C. § 1983. The plaintiff complains that his constitutional rights have been violated by the conditions of confinement to which he has been subjected at LSP, notably but not exclusively through overcrowding, poor ventilation, unsafe bunk beds, unsanitary conditions, exposure to second-hand tobacco smoke, deliberate medical indifference, cross-sex surveillance, and retaliation.

In his original Complaint, filed on or about June 25, 2009, the plaintiff did not indicate whether he had commenced an administrative remedy procedure ("ARP") at LSP relative to the claims asserted herein. However, in an amended Complaint, filed on or about October 22, 2009, the plaintiff asserts that he filed an ARP relative to these claims on or about June 28, 2009, but has not received a response to this grievance.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all

_____

[1]    42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of

suits about prison life". <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures. <u>Johnson v. Johnson</u>, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the plaintiff's pleadings that he has failed to exhaust the prison grievance procedures, a dismissal <u>sua sponte</u> is appropriate for failure of the plaintiff to state a claim upon which relief may be granted. See <u>Tanner v. Federal Bureau of Prisons</u>, 475 F.Supp.2d 103 (D.D.C. 2007). <u>See also</u> <u>Clifford v. Louisiana</u>, 2008 WL 2754737 (M.D. La. July 7, 2008).

In the instant case, the plaintiff has admitted in his Amended Complaint that he has not exhausted administrative remedies relative to the claims presented herein. Although he complains that prison officials "prolong" the administrative process in order to discourage the pursuit of administrative claims, the plaintiff fails to address the established procedure, recognized in the prison Rulebook, whereby an inmate who has not received a timely response to his grievance within a certain number of days may unilaterally proceed to the next step in the administrative process, thereby ultimately exhausting administrative remedies even

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

without cooperation from prison officials.  The plaintiff makes no suggestion that he utilized this procedure to complete administrative review of his claims in this case.  Accordingly, because the affirmative defense of exhaustion appears clear on the face of the plaintiff's pleadings, the plaintiff's Complaint is subject to dismissal, <u>sua sponte</u>, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

<u>RECOMMENDATION</u>

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim in forma pauperis, <u>see</u> <u>Underwood v. Wilson</u>, 151 F.3d 292 (5th Cir. 1998).

Signed in chambers in Baton Rouge, Louisiana, November 10, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**